# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **PHILLIP LESLIE MAXON #19708,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:22-cv-00370** |
| | ) | **Judge Trauger** |
| **RUTHERFORD COUNTY** | ) | |
| **SHERIFF'S OFFICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Plaintiff Phillip Maxon filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper.[1] The complaint is before the court for initial review. As explained below, it appears that the plaintiff fails to state a claim against the named defendants at this time. Therefore, to proceed in this case, the plaintiff must file an amended complaint by following the instructions in the order filed with this memorandum.

### I.      Application to Proceed as a Pauper

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper reflects that he cannot pay the full filing fee in advance. (Case No. 3:22-cv-367, Doc. No. 5 at 3.) Accordingly, the plaintiff will be granted pauper status, and the filing fee will be assessed in the accompanying order. 28 U.S.C. § 1915(b).

### II.      Initial Review

The court must determine if the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

---

[1] The plaintiff filed several complaints together, and the court let him file a single application to proceed as a pauper for all of these cases by writing multiple case numbers on it. (Doc. No. 5 at 5.) The plaintiff did so, and the application in Case No. 3:22-cv-367 at Doc. No. 5 serves as the application for this case.

§§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). And because the plaintiff is representing himself, the court must hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

This case concerns the plaintiff's conditions of confinement at Rutherford County Jail after allegedly being shot by police, taken to a hospital, and eventually discharged to the Jail. For the purpose of initial review, the court considers the complaint (Doc. No. 1) and a supplemental notice (Doc. No. 7) together. Liberally construing these filings, the plaintiff alleges as follows:

Officer Deleon shot the plaintiff in the left forearm with a shotgun. (Doc. No. 1 at 5.) When the plaintiff was released from the hospital on July 1, 2021, a surgeon wanted to see the plaintiff in 10 days for a follow-up appointment on his elbow. (*Id.*) The plaintiff was discharged to the Rutherford County Jail, and when he told Nurse Practitioner Dyron about the follow-up appointment, the plaintiff got a "very dirty look and nothing came about from it." (*Id.*)

During his first month at the Jail, the plaintiff developed a "very large" hernia near his colostomy bag, but medical staff lied and told him that he was experiencing normal swelling. (*Id.*; Doc. No. 7 at 1.) The plaintiff would not have developed this hernia if he had a colostomy belt, and he did not receive a colostomy belt until he saw another inmate wearing one and requested one for himself. (Doc. No. 7 at 1.) After 25 days, the colostomy belt became very uncomfortable. (*Id.*) When the plaintiff confronted medical staff about his hernia, they "got mad and demanded to know who it was that told [the plaintiff]." (Doc. No. 1 at 5.)

Officer Jones, who shot the plaintiff in the stomach after he was handcuffed, is a guard at the Jail. (*Id.*) So is Officer Hawk, who "took part" in the police shooting in some unexplained way.

2

(Doc. No. 7 at 1–2.) Jones placed a man in the plaintiff's pod to beat him up in retaliation for the plaintiff "complaining to people upstairs." (Doc. No. 1 at 5.) Hawk gave the plaintiff an insufficiently "loose" dosage of Mylanta, which he takes every other day, despite the fact that guards are not supposed to give inmates their medication. (Doc. No. 7 at 2.) The plaintiff poured it out, leaving some residue, and refilled the glass with water. (*Id.*) He drank the water, and "20 or 30 minutes later, for 2-3 minutes on 2 occasions [he] had a severe stomach ache." (*Id.*) The plaintiff did not report this incident because "there are a lot of warlocks working in the jail along with the police force." (*Id.*)

Finally, the plaintiff maintains that he has been wrongfully imprisoned at the Jail since he was placed there on July 1, 2021. (Doc. No. 1 at 5.) He says that "the food is filling, but no[t] nutritionally adequate." (Doc. No. 7 at 1.)

**B.    Legal Standard**

To decide if the complaint states a claim, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C.    Analysis**

The plaintiff brings this case under Section 1983. (Doc. No. 1 at 1.) Section 1983 allows individuals to bring civil claims based on violations of "the Constitution or federal laws by those

acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). The complaint names three defendants: Rutherford County Sheriff's Office, Rutherford County Jail, and Doctor Rudd. (Doc. No. 1 at 1–2.) The plaintiff fails to state a claim against all three defendants at this time.

### 1. Rutherford County Defendants

As an initial matter, both the Rutherford County Sheriff's Office and the Rutherford County Jail are not proper parties under Section 1983. *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at \*2 (M.D. Tenn. Aug. 25, 2010) (collecting cases establishing that "police departments and sheriff's departments are not proper parties to a § 1983 suit"); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at \*2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that a prison facility "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983").

Rutherford County itself may be sued under Section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). But to state a claim against a municipal entity like Rutherford County, the plaintiff must allege that he (1) "suffered a constitutional violation and (2) that a municipal policy or custom directly caused the violation." *Hardrick v. City of Detroit, Michigan*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92). There are four ways to demonstrate such a policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Wiley v. City of Columbus, Ohio*, 36 F.4th 661, 670 (6th Cir. 2022) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

4

Here, the plaintiff does not make allegations that allow the court to reasonably infer that Rutherford County had a "policy or custom" that directly caused a constitutional violation. An allegation that the plaintiff suffered a constitutional violation by a county employee working at the Jail, without more, is insufficient to impose liability on Rutherford County. *See D'Ambrosio v. Marino*, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691) ("A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'"). Accordingly, the complaint fails to state a claim against the Rutherford County Defendants at this time.

### 2.      Doctor Rudd

The plaintiff also names Doctor Rudd as a defendant. But after listing this individual as a defendant on the complaint form, the plaintiff does not mention Doctor Rudd by name in the body of the complaint. Even under the liberal standards for reviewing a pro se complaint, that is insufficient to state a claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983.").

If the plaintiff is attempting to impose liability on Doctor Rudd as a supervisor of medical staff at the Jail, "Section 1983 liability of supervisory personnel 'must be based on more than the right to control employees. . . . There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 579 (6th Cir. 2020) (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 511 (6th Cir. 1996)). "[T]he plaintiff must show that the defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Peatross v.*

5

*City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Again, however, the plaintiff does not provide any specific allegations regarding Doctor Rudd—much less allege that Doctor Rudd directly participated in a specific incident of misconduct. Therefore, the plaintiff fails to state a claim against Doctor Rudd at this time.

III.    **Conclusion**

For these reasons, the plaintiff will be granted pauper status and it appears that the complaint fails to state a Section 1983 claim against the named defendants. Rather than dismiss the case at this time, however, the court will allow the plaintiff an opportunity to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The plaintiff should consult the order filed with this memorandum for specific instructions on filing the amended complaint. If the plaintiff does not file an amended complaint within 30 days of the date this memorandum and order is entered on the docket, the court will dismiss this case for failure to state a claim.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

6